UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARROD MOTEN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF KERN,<br><br>　　　　　　Defendant. | No. 1:25-cv-00821 GSA (PC)<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY HIS IN FORMA PAUPERIS APPLICATION SHOULD NOT BE DENIED PURSUANT TO 28 U.S.C. § 1915(g)<br><br>(ECF No. 2, 18)<br><br>AS AN ALTERNATIVE TO FILING THE SHOWING OF CAUSE PLAINTIFF MAY EITHER:<br><br>(1) PAY THE FILING FEE IN FULL, OR<br><br>(2) VOLUNTARILY DISMISS THIS MATTER<br><br>(See Fed. R. Civ. P. 41(a)(1)(A)(i))<br><br>PLAINTIFF'S SELECTION OF ONE OF THESE THREE CHOICES DUE IN FOURTEEN DAYS |

　　　　Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 2, 18). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

For the reasons stated below, Plaintiff will be ordered to show cause why his application to proceed in forma pauperis should not be denied pursuant to 28 U.S.C. § 1915(g) and he be required to pay the filing fee in full. Instead of filing the showing of cause, Plaintiff may also either pay the filing fee in full or voluntarily dismiss this matter. Plaintiff will be given fourteen days to take one of these three courses of action.

## I.  IN FORMA PAUPERIS STATUS

"[In forma pauperis] status is not a constitutional right." Rodriguez v. Cook, 169 F.3d 1176, 1180 (9th Cir. 1999) (brackets added); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("To proceed in forma pauperis is a privilege not a right."). An inmate's in forma pauperis status may be revoked *at any time* if the court, either sua sponte or on a motion, determines that the status was improvidently granted. Keeton v. Marshall, No. CV 17-01213 FMO (KS), 2018 WL 4381543, at *6 (C.D. Cal. June 8, 2018) (citation omitted) (italics added); Owens v. Matthews, No. CV 16-07755 JFW (KS), 2017 WL 603183, at *2 (C.D. Cal. Jan. 6, 2017) (stating same). The grant or refusal of permission to proceed in forma pauperis is left to the sound discretion of the district court. Smart, 347 F.2d 114, 116 (9th Cir. 1963) (citing Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963)). The latitude given a district court in such matters is especially broad in civil actions by prisoners against their wardens and other officials. Smart, 347 F.2d at 116 (footnote citation omitted); Shobe v. People of State of California, 362 F.2d 545, 546 (9th Cir. 1966) (citing Smart).

## II.  THREE STRIKES RULE:  28 U.S.C. § 1915(g)

28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

2

"It is well-settled that, in determining a [Section] 1915(g) 'strike,' the reviewing court looks to the dismissing court's action *and the reasons underlying it*." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (brackets added) (emphasis added) (citation omitted). "[Section] 1915(g) should be used to deny a prisoner's in forma pauperis status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2006) (brackets added). "[W]hen a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (second alteration in original). Dismissal also counts as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint" regardless of whether the case was dismissed with or without prejudice. Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th Cir. 2017).

An inmate who has accrued three strikes is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the exception, the plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."); see also Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998); Lipsey v. Allison, No. 1:21-cv-00912 GSA, 2021 WL 2390424, at *3 (E.D. Cal. June 11, 2021) ("The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time.").

The danger faced by a prisoner at the time of filing must be imminent or ongoing. See, e.g., Medberry, 185 F.3d at 1193 (finding plaintiff was not in either imminent or ongoing danger and denying him ability to proceed in forma pauperis as three strikes litigant). "Imminent danger of serious physical injury must be a real and present threat, not merely speculative or hypothetical." Lipsey, 2012 WL 2390424, at *3; Blackman v. Mjening, No. 1:16-cv-01421 LJO GSA, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). In addition, "the imminent danger exception to the [Prison Litigation Reform Act's] three strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint." Ray v. Lara, 31 F.4th 692, 695 (9th Cir. 2022) (brackets added).

### III. PLAINTIFF'S THREE STRIKES STATUS

A review of court records reveals that at least three cases brought by Plaintiff qualify as strikes under Section 1915(g). The Court takes judicial notice of the following lawsuits[1] previously filed by Plaintiff and dismissed on grounds listed in Section 1915(g) *prior* to him bringing the currently pending Cisneros and Pheiffer cases:

- Moten v. Calderon, No. 2:23-cv-02595 DOC SP (C.D. Cal. May 31, 2023) (denial of request to proceed in forma pauperis due to failure to state a claim);[2]
- Moten v. Abrams, No. 2:23-cv-06359 GW (C.D. Cal. Sept. 6, 2023) (denial of request to proceed in forma pauperis due to failure to state a claim), and
- Moten v. Phiefer, No. 2:23-cv-06355 DOC SP (C.D. Cal. Sept. 29, 2023) (denial of request to proceed in forma pauperis due to failure to state a claim).[3]

---

[1] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

[2] See O'Neil v. Price, 531 F.3d 1146, 1152 (9th Cir. 2008) (stating denial of in forma pauperis application on ground that complaint is frivolous counts as dismissal for purposes of Section 1915(g)); El Shaddai v. Zamora, 833 F.3d 1036, 1042 (9th Cir. 2016) (citing O'Neil, 531 F.3d at 1153).

[3] Although these three cases are sufficient to establish that Plaintiff had enough strikes to require that he pay the filing fee in full *prior* to him bringing Cisneros and Pheiffer, Plaintiff has another recently adjudicated case that is also a strike: Moten v. Abrams, No. 23-2493 (9th Cir. Jan. 17,

IV. DISCUSSION

### A. Case Brought After Three Strikes Accrued

The instant matter was docketed on February 16, 2025. See ECF No. 1. More importantly, Plaintiff signed the complaint on February 13, 2025. Id. at 10 (2/13/25 signature date on complaint). February 13, 2025, is after the three strike cases identified above had been fully adjudicated. See ECF No. 1 at 10.

Because the above-referenced strike cases were dismissed on Section 1915(g) grounds before the instant matter was brought before the Court, as a three strikes litigant, Plaintiff was required to pay the filing fee in full for this matter prior to proceeding in it unless, at the time that he brought it, he alleged an adequate showing that he was in imminent danger of serious physical harm on February 13, 2025, when he filed it. See 28 U.S.C. § 1915(g) (serious physical harm requirement).

### B. No Imminent Danger Alleged in Instant Matter

A review of the complaint indicates that Plaintiff does not make plausible allegations that he was in imminent danger of serious physical harm at the time that he filed it in in February 2025. See generally ECF No. 1. Plaintiff does makes general allegations of unsanitary living conditions at Kern Valley State Prison ("KVSP) where he is currently incarcerated. See, e.g., ECF No. 1 at 1-2 (Plaintiff alleging toilet backups in his housing unit; failure of prison officials to offer showers, to inmates). He also alleges that on July 20, 2024, prison officials delayed addressing the fact that the toilet in his cell had overflowed. Id. at 2. However, it appears that none of the alleged violations of right that Plaintiff states occurred happened near February 13, 2025, the date that Plaintiff signed the complaint and presumably gave it to prison officials for mailing.[4] See id. Therefore, it is clear on the face of the complaint that at the time that Plaintiff

---

2024) (mandate pending) (dismissal as frivolous). See El Shaddai, 833 F.3d at 1045-46 (citation omitted) (stating affirmation on appeal counts as strike if court expressly states appeal was frivolous, malicious or failed to state claim).

[4] When a prisoner gives prison authorities a pleading to mail to the court, the court deems it constructively "filed" on the date that it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010). A court also assumes that a prisoner turns his pleading over to prison authorities on the same day that he signs it. See, e.g., Porter v. Ollison, 620 F.3d 952, 955 n.2 (9th Cir.

5

filed the instant matter, he was not in any imminent danger of serious physical harm.

### C. Plaintiff Is Required to Pay Filing Fee In Full First

Because Plaintiff was a three strikes litigant when he filed the instant case, and because he has not demonstrated that he was in imminent danger of serious physical harm at the time he filed the instant complaint, Section 1915(g) precludes him from proceeding any further with this matter prior to him first paying the filing fee for it in full. See 28 U.S.C. § 1915(g). Prior to ordering him to do so, Plaintiff will first be directed to show cause why he is not a three strikes litigant within the meaning of Section 1915(g) and why his application to proceed in forma pauperis (see ECF No. 2) should not be denied as a result. In the alternative, Plaintiff may either pay the filing fee in full or voluntarily dismiss this matter. Plaintiff will be given fourteen days to take one of these three courses of action.

## V. CONCLUSION

Plaintiff has requested leave to proceed in forma pauperis. ECF No. 2. Prior to bringing this matter before the Court Plaintiff had accumulated at least three strikes in previous cases within the meaning of 28 U.S.C. § 1915(g). In addition, a review of his instant complaint indicates that he has not alleged claims which demonstrate that he was in imminent danger serious physical harm at the time he filed the instant complaint. See generally ECF No. 1. As a result, he is required under Section 1915(g) to pay the filing fee in full in this case before proceeding any further with it.

Prior to ordering Plaintiff to pay the filing fee in full, Plaintiff will first be ordered to show cause why his in forma pauperis application should not be denied and he be required to pay the filing fee in full in this case. As an alternative to filing showing of cause Plaintiff may pay the filing fee in full, or he may voluntarily dismiss the matter pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Plaintiff will be given fourteen days to take one of these three courses of action.

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen days from the date of this order, Plaintiff shall SHOW CAUSE why

his application to proceed in forma pauperis should not be DENIED and he be required to PAY the filing fee in full prior to proceeding any further in this action. See 28 U.S.C. § 1915(g).

    2. As an ALTERNATIVE to Plaintiff file a showing of cause, Plaintiff may either:

        a. PAY the filing fee in full, or

        b. VOLUNTARILY DISMISS this matter. See Fed. R. Civ. P. 41(a)(1)(A)(i).

**Plaintiff is cautioned that failure to comply with this order within the time allotted may result in a recommendation that this matter be dismissed.**

IT IS SO ORDERED.

    Dated:   **July 14, 2025**               **/s/ Gary S. Austin**
                                             UNITED STATES MAGISTRATE JUDGE