# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARROD MOTEN,<br><br>        Plaintiff,<br><br>    v.<br><br>COUNTY OF KERN,<br><br>        Defendant. | Case No. 1:25-cv-00821-KES-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE<br><br>(ECF No. 19)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.**   **Background**

Plaintiff Sharrod Moten is a state prisoner proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983. Plaintiff filed the complaint in this action on February 16, 2025, together with an application to proceed *in forma pauperis*. (ECF Nos. 1, 2.) The action was transferred to the Eastern District of California on July 8, 2025. (ECF No. 15.)

On July 15, 2025, the then-assigned magistrate judge ordered Plaintiff, within fourteen days, to show cause why his *in forma pauperis* application should not be denied pursuant to 28 U.S.C. § 1915(g). (ECF No. 19.) As an alternative to filing a showing of cause, the magistrate judge indicated that Plaintiff could pay the filing fee in full or voluntarily dismiss the action within fourteen days. (*Id.* at 6-7.) Plaintiff has failed to file a response to the show cause order, failed to pay the filing fee in full, or voluntarily dismiss the action, and the deadline to take one of these three courses of action has expired. Plaintiff also has not otherwise communicated with the

1

Court. Accordingly, the Court will recommend dismissal of this action for failure to prosecute and failure to obey a court order.

## II. Failure to Prosecute and Failure to Obey a Court Order

### A. Legal Standard

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

### B. Discussion

Here, Plaintiff has failed to comply the with the Court's show cause order issued on July 15, 2025. Plaintiff's response to the show cause order is overdue. He has not shown cause why his application to proceed *in forma pauperis* should not be denied, nor has he paid the filing fee in full or voluntarily dismissed the action. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a

1  presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.
2  *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor usually weighs against
3  dismissal because public policy favors disposition on the merits.  *Pagtalunan v. Galaza*, 291 F.3d
4  639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose
5  responsibility it is to move a case toward disposition on the merits but whose conduct impedes
6  progress in that direction," which is the case here.  *In re Phenylpropanolamine (PPA) Products*
7  *Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

8        Finally, the Court's warning to a party that failure to obey the court's order will result in
9  dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262;
10 *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  The Court's July 15, 2025 show cause
11 order expressly cautioned Plaintiff that his failure to comply with the order within the time
12 allotted may result in a recommendation that this matter be dismissed.  (ECF No. 19 at 7.)  Thus,
13 Plaintiff had adequate warning that dismissal could result from his noncompliance.

14       Additionally, at this stage in the proceedings there is little available to the Court that
15 would constitute a satisfactory lesser sanction while protecting the Court from further
16 unnecessary expenditure of its scarce resources.  As Plaintiff has applied to proceed *in forma*
17 *pauperis* and has not paid the filing fee this action, it appears that monetary sanctions will be of
18 little use.  Further, the preclusion of evidence or witnesses is likely to have no effect given that
19 Plaintiff has ceased litigating his case.

20       **III**.    **Conclusion and Recommendation**

21       Based on the above, the Court finds that dismissal is the appropriate sanction and
22 HEREBY RECOMMENDS that this action be dismissed for failure to obey a court order and for
23 Plaintiff's failure to prosecute this action.

24       These Findings and Recommendation will be submitted to the United States District Judge
25 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen**
26 **(14) days** after being served with these Findings and Recommendation, Plaintiff may file written
27 objections with the Court.  The document should be captioned "Objections to Magistrate Judge's
28 Findings and Recommendation."  **Objections, if any, shall not exceed fifteen (15) pages or**

**include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 10, 2025**          /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE